**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1766**

REDNER'S MARKETS, INC.,

              Plaintiff - Appellee,

         v.

JOPPATOWNE G.P. LIMITED PARTNERSHIP,

              Defendant - Appellant.

**No. 13-1974**

REDNER'S MARKETS, INC.,

              Plaintiff - Appellee,

         v.

JOPPATOWNE G.P. LIMITED PARTNERSHIP,

              Defendant - Appellant.

**No. 13-2279**

REDNER'S MARKETS, INC.,

              Plaintiff - Appellant,

         v.

JOPPATOWNE G.P. LIMITED PARTNERSHIP,

Defendant - Appellee.

_____

Appeals from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:11-cv-01864-RDB)

_____

Argued:  October 28, 2014          Decided:  December 17, 2014

_____

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED**: Charles Milton Kerr, KERR MCDONALD, LLP, Baltimore, Maryland, for Appellant/Cross-Appellee.  John J. Miravich, FOX ROTHSCHILD LLP, Exton, Pennsylvania, for Appellee/Cross-Appellant.  **ON BRIEF**: Kathleen M. McDonald, KERR MCDONALD, LLP, Baltimore, Maryland, for Appellant/Cross-Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On May 10, 2011, Redner's Markets, Inc. (Redner's) filed this diversity action for breach of contract under Maryland law against its landlord, Joppatowne G.P. Limited Partnership (Joppatowne), seeking monetary relief and permanent injunctive relief for numerous alleged violations of a restrictive-use covenant in a twenty-year commercial lease (the Lease). Redner's also sought declaratory relief pursuant to the Declaratory Judgment Act. See 28 U.S.C. § 2201. Following a bench trial, the district court entered judgment in favor of Redner's in part and in favor of Joppatowne in part. The district court also denied a post trial motion by Redner's. Both sides have appealed.

I.

The relevant facts on appeal are as follows. Redner's is a Pennsylvania corporation with its principal place of business in Reading, Pennsylvania. Joppatowne is a Maryland limited partnership with its principal place of business in Baltimore, Maryland. On November 23, 2005, Redner's and Joppatowne executed a commercial lease whereby Redner's leased approximately 54,000 square feet of retail space in the Joppatowne Plaza Shopping Center (Shopping Center) in Joppatowne, Maryland in order to operate a warehouse-style

- 3 -

grocery store.  Joppatowne owns and manages the Shopping Center.

Of relevance on appeal, the Lease contains a restrictive-use covenant (the Restrictive-Use Covenant) whereby Joppatowne covenanted that, during the term of the Lease, "it shall not lease to, use, or permit to be used or otherwise allow any portion of the Shopping Center . . . to be used as a food supermarket, butcher shop, seafood shop, or 'grocery store.'" (J.A. 2494).  The Lease specifically defines both the terms "food supermarket" and "grocery store," inter alia, as:

> any retail operator in the Shopping Center whose Gross Floor Area is 15,000 square feet or less and whose in-store sales areas offering canned foods, fresh-baked bakery items; baking ingredients; fresh or frozen meats and deli items; fresh uncooked fruits and vegetables; ice cream, frozen vegetables and frozen prepared foods; milk and milk products, butter, eggs and cheese; and pet foods that exceed, in the aggregate, twenty-five percent (25%) of such retail operator's Gross Floor Area . . . .

(J.A. 2494).  The Lease also contains an exception to the Restrictive-Use Covenant providing that the Restrictive-Use Covenant applies only so long as Redner's was not in default under the terms of the Lease as the Lease defines an event of default by Redner's.  Also of relevance on appeal, on November, 20, 2006, Redner's and Joppatowne executed an amendment to the Lease authorizing Redner's to build and operate a gas station in the Shopping Center's parking lot.

The trouble in this case can be traced back to when, on October 21, 2009, Joppatowne entered into a 10-year lease with JTF, LLC (JTF), a Maryland limited liability corporation.[*] All told, JTF leases approximately 108,000 square feet in the Shopping Center, divided between a flea market of roughly 96,000 square feet and an Amish farmer's market (the Amish Farmer's Market) of roughly 12,000 square feet. A fence physically separates the two areas.

The operative complaint in this case is the amended complaint filed by Redner's against Joppatowne on September 15, 2011, in which Redner's contends that by permitting a group of ten stalls to operate in the Shopping Center, Joppatowne was in breach of the Restrictive-Use Covenant in the Lease. Seven of the ten stalls at issue are located within the Amish Farmer's Market——Beiler's BBQ, Beiler's Baked Goods, Dutch Delights, Dutch Pantry Fudge, King's Cheese & Deli, Kreative Kitchen, and Lapp's Fresh Meats. The other three stalls are located outside the enclosure of the Amish Farmer's Market but still within space JTF leased from Joppatowne——All Fresh Seafood & Produce (All Fresh) and two with names unidentified in the record. Each stall is separately owned and operated.

---

[*] Although the JTF lease was signed on October 21, 2009, the lease term did not begin until March 1, 2010.

In late 2011, a bench trial on the issues of liability and traditional damage theories commenced. United States District Judge Benson Legg conducted the bench trial over seven nonconsecutive days, from December 5, 2011 to August 14, 2012. On January 24, 2013, Judge Legg issued a memorandum opinion in which he found that Joppatowne's allowance of Lapp's Fresh Meats and All Fresh to operate in the Shopping Center infringed the Restrictive-Use Covenant, while its allowance of Dutch Delights, Dutch Pantry Fudge, and Kreative Kitchen to do the same did not. Judge Legg reserved the issues of whether Joppatowne's allowance of the remaining stalls—Beiler's BBQ, Beiler's Baked Goods, King's Cheese & Deli, and the two other stalls unidentified by name in the record—to operate in the Shopping Center infringed the Restrictive-Use Covenant, as well as the issue of Redner's damages, for a report and recommendation by a United States magistrate judge. The district court also entered an order on January 24, 2013 in conformity with its January 24, 2013 memorandum opinion.

Upon Judge Legg's retirement, the case was reassigned to United States District Judge Richard Bennett. After Joppatowne objected to Judge Legg's order of reference to a United States magistrate judge, Judge Bennett vacated it. Based on Judge Legg's findings of liability with respect to Lapp's Fresh Meats and All Fresh, Redner's filed a motion for a permanent

- 6 -

injunction, seeking an order permanently enjoining Joppatowne from continuing to allow Lapp's Fresh Meats and All Fresh to operate in the Shopping Center. In a memorandum opinion applying Maryland law filed June 13, 2013, the district court decided that a permanent injunction was warranted with respect to Lapp's Fresh Meats and All Fresh because Joppatowne had violated the Restrictive-Use Covenant in their regard and the equities favored Redner's. The district court filed an order to this effect on June 13, 2013 as well (the Permanent Injunction). The next day, Joppatowne noted a timely appeal from this memorandum opinion and the Permanent Injunction, which appeal is docketed as Appeal Number 13-1766.

Joppatowne moved below to stay enforcement of the Permanent Injunction. The district court denied the motion. Thereafter, Joppatowne moved in our court to stay enforcement of the Permanent Injunction pending appeal. We denied the motion on June 21, 2013.

The district court then scheduled a second stage of the bench trial for July 1 and 2, 2013, with the following issues remaining to be tried: (1) whether Joppatowne breached the Restrictive-Use Covenant by allowing Beiler's BBQ, Beiler's Baked Goods, King's Cheese & Deli, and the two unnamed stalls to operate in the Shopping Center, and (2) whether Redner's is entitled to damages for lost profits in connection with

Joppatowne's allowance of any infringing stalls. However, on the first morning of trial, Redner's abandoned its breach of contract claim relating to all but Beiler's Baked Goods. And with respect to that stall, Redner's indicated that it would pursue only injunctive relief. Accordingly, the issue of lost profits damages pertained only to the two stalls for which Judge Legg had already found liability—Lapp's Fresh Meats and All Fresh.

Following trial, the district court made findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. The district court set forth such findings of fact and conclusions of law in a memorandum opinion filed July 11, 2013. The district court first concluded that Joppatowne had not breached the Lease by permitting Beiler's Baked Goods to operate in the Shopping Center. Second, the district court held that Redner's failed to carry its burden of proving lost profits damages with reasonable certainty as to Lapp's Fresh Meats and All Fresh.

Of relevance on appeal, on July 11, 2013, the district court filed an order and judgment: (1) in favor of Redner's for breach of the Restrictive-Use Covenant in the Lease, to the extent that Joppatowne allowed Lapp's Fresh Meats and All Fresh to operate in the Shopping Center, and incorporating the June 13, 2013 Permanent Injunction by reference, but not awarding

Redner's any amount for lost profits damages with respect to Lapp's Fresh Meats and All Fresh; and (2) in favor of Joppatowne with respect to Redner's claims pertaining to the operation in the Shopping Mall of Beiler's BBQ, Beiler's Baked Goods, Dutch Delights, Dutch Pantry Fudge, King's Cheese & Deli, Kreative Kitchen, and the two unnamed vendor stalls.

Redner's subsequently moved to amend the district court's findings of fact and conclusions of law and for a new trial pursuant to Federal Rules of Civil Procedure 52 and 59. In a document entitled "MEMORANDUM ORDER," filed September 17, 2013, the district court denied this motion in all respects except that it granted the motion to the extent Redner's was entitled to nominal damages of $2.00.

Joppatowne noted a timely appeal of the district court's July 11, 2013 order and judgment, which appeal is docketed as Appeal Number 13-1974. Redner's subsequently noted a timely cross-appeal of "the orders and judgment entered in this case on January 24, 2013, July 11, 2013, and September 17, 2013," which we docketed as Appeal Number 13-2279. (J.A. 3307).

Ultimately, we consolidated Appeal Numbers 13-1766, 13-1974, and 13-2279 into the present appeal.

## II.

Joppatowne raises numerous assignments of error with respect to the Permanent Injunction and the district court's July 11, 2013 order and judgment, which Joppatowne contends should be resolved in its favor. Having carefully reviewed the briefs, the record, and the relevant law, and having had the benefit of oral argument, we conclude that each assignment of error is without merit and affirm on the reasoning of the district court as stated in its June 13, 2013 memorandum opinion, Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship, No. RDB-11-1864, 2013 WL 2903285 (D.Md. June 13, 2013), and its July 11, 2013 memorandum opinion, Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship, No. RDB-11-1864, 2013 WL 3678248 (D.Md. July 11, 2013).

## III.

In its cross-appeal, Redner's raises numerous assignments of error with respect to the district court's January 24, 2013 order, the district court's July 11, 2013 order and judgment, and the district court's September 17, 2013 memorandum order. Having carefully reviewed the briefs, the record, and the relevant law, and having had the benefit of oral argument, we conclude that each assignment of error is without merit and affirm on the reasoning of the district court as stated in its

January 24, 2013 memorandum opinion, <u>Redner's Mkts., Inc. v.</u> <u>Joppatowne G.P. Ltd. P'ship</u>, 918 F. Supp. 2d 428 (D.Md. January 24, 2013), its July 11, 2013 memorandum opinion, <u>Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship</u>, No. RDB–11–1864, 2013 WL 3678248 (D.Md. July 11, 2013), and its September 17, 2013 memorandum order, <u>Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship</u>, No. RDB–11–1864, 2013 WL 5274356 (D.Md. Sept. 17, 2013).

IV.

For the reasons stated herein, the judgments below are affirmed.

<u>AFFIRMED</u>